UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   NOT FOR PUBLICATION

RYAN O. GITTENS,

                Petitioner,                      **ORDER**

            – against–                      **10-CV-849 (CBA) (LB)**

ERIC HOLDER, Attorney General,

                Respondent.
----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

On February 1, 2010, *pro se* petitioner Ryan O. Gittens,[1] commenced this proceeding pursuant to 8 U.S.C. § 1252(b)(5)(B) seeking to remove a detainer lodged by the Department of Homeland Security based "on the fact that Ryan O. Gittens is a National of the United States." Petition at 1. Petitioner's application to proceed *in forma pauperis* is granted.

In Azize v. Bureau of Citizenship and Immigration Svcs., the United States Court of Appeals recently remanded a *pro se* petition alleging that naturalization was improperly denied so that the district court could "make factual determinations necessary for an adjudication of Azize's claims." 594 F.3d 86, 91 (2d Cir. 2010). Unlike the petitioner in Azize, the petitioner here is not in removal proceedings as "deportation proceedings have not yet been initiated," only a detainer has been lodged. Petition at 2. Petitioner argues that his naturalization application filed in 1999 was improperly closed and that but for the improper closure of his application, a removal detainer could not be lodged against him. Since petitioner does not challenge a final order of removal, the REAL ID Act does not divest the district court of jurisdiction.[2]

---

[1] Although petitioner is currently incarcerated at McCrae Correctional Facility in Georgia, he states that he filed his naturalization application before he was incarcerated when he resided in Kings County in this district.

[2] The REAL ID Act provides: "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such

Accordingly, the Clerk of Court shall serve a copy of this Order and the underlying petition on the United States Attorney for the Eastern District of New York. Respondent is ordered to answer the petition within sixty (60) days of the date of this Order. Any request for an extension of time shall be made to my attention.

SO ORDERED.

Dated: March 9, 2010
       Brooklyn, New York

/Signed by Judge Lois Bloom/
_____
LOIS BLOOM
United States Magistrate Judge

---

title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . .." 8 U.S.C. § 1252(a)(5).